# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 21 2018

David J. Bradley, Clerk of Court

HAMIS CHANDE )
Petitioner )
)
v. )
)
Secretary of Homeland )  Civil Action No._____
Security Department, )
Patrick D. Contreras, Houston )
Field Office Director, )
Chris Bacchus, Deportation )
Officer, )
Warden Lacey, Core Civic Detention, )
Respondents. )

## PETITIONER'S EXPEDITED PETITION FOR WRIT OF HABEAS CORPUS FOR EMERGENCY ENJOIN THE REMOVAL PROCEEDINGS

Attorney of record for Petitioner:
Hamis Chande
A #: 049 613 182
Core Civic Processing Center
15850 Export Plaza Drive
Houston, Tx 77032-2545

(281) 449-1481

Petitioner Pro Se

TO THE HONORABLE DISTRICT JUDGE:

Petitioner Hamis Chande, proceeding pro se, and moves this Court to enjoin the removal of him subject to a 2006 final removal order, and order the Secretary of the United States Department of Homeland Security to conduct a reasonable fear interview on his claims.

JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241, which makes the writ of habeas corpus available to all persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention. INS v. St. Cyr, 533 U.S. 289, 301-03 (2001).

I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was admitted to the United States as a student on December 29, 1999. On February 7, 2006, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), which charges Petitioner with removability as an alien present in the United States who has not been admitted or paroled. 8 U.S.C. § 1182(a)(6)(A)(i). On May 25, 2006, the Immigration Judge ("IJ") found Petitioner removable as charged in the NTA and ordered the removal of him to Tanzania. Petitioner appealed the IJ's decision to the Board and of Immigration Appeals ("BIA" or "Board") and the Board dismissed his appeal on July 19, 2006.

On December 5, 2016, DHS took Petitioner into custody from prison. On January 20, 2017, he sent a letter to the IJ requesting for a reasonable fear interview by an asylum officer. The IJ responded to him that the United States Citizenship and Immigration Service ("USCIS") has exclusive jurisdiction to make reasonable fear determinations. He sent several requests to the USCIS-Houston division but there were no response back.

In July 2018, Petitioner sent several requests to his Deportation Officer and asked to have an asylum officer conduct a reasonable fear on his claims but the Deportation Officer ("DO") refused to do so. This petition followed.

## II. STANDARD OF REVIEW

A court may not "enjoin" the removal of an alien subject to a final removal order, "unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." *Nken v. Holder*, 556 U.S. 418, 426 (2009)(citing 8 U.S.C. § 1252(f)(2)); *see also Kenyeres v. Ashcroft*, 538 U.S. 1301, 1303 (2003) (KENNEDY, J., in Chambers)(holding that "no court shall enjoin the removal of any alien pursuant to a final order under this [8 U.S.C. § 1252(f)(2)] unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.").

The Administrative Procedure Act ("APA") "allows a federal court to overturn an agency's ruling 'only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence on the record taken as a whole.'" *Amrollah v. Napolitano*, 710 F. 3d 568, 571 (5th Cir. 2013); *see also* 5 U.S.C. § 706(2)(A). Courts start from "a presumption that

the agency's decision is valid, and the plaintiff has the burden to overcome that presumption ~~that the agency's~~ by showing that the decision was erroneous." *Amrollah*, 710 F. 3d at 571. "When an agency action is contrary to the scope of a statutory delegation of authority or is an arbitrary and capricious exercise of that authority, that action must be invalidated by reviewing courts." *Succar v. Ashcroft*, 394 F. 3d 8, 20 (1st Cir. 2005).

## III. ARGUMENT AND AUTHORITY

Petitioner seeks an emergency injunction blocking the removal of him from this country. He asserts that his removal pursuant to the IJ's 2006 order is, indeed, "prohibited as a matter of law." *Nken*, 556 U.S. at 425, 426; *Kenyeres*, 538 U.S. at 1303. Specifically, Petitioner argues that he cannot be removed based on two grounds: (1) because the order is unsupported by legal evidence, thus, it is void *ab initio*, and (2) his removal to Tanzania would violate his rights under the Convention Against Torture ("CAT").

### A. The IJ's Entry Of Removal Order Against Petitioner Was Unlawful Under The Applicable Law

Petitioner asserts that enforcement of the IJ's 2006 order of his removal from this country would constitute a "gross miscarriage of justice," *see Matter of Malone*, 11 I. & N. Dec. 730, 731-32 (BIA 1966)(finding gross miscarriage of justice where alien's deportation order was clearly not in accord with the law as interpreted at the time of issuance) because at the time of his original

4

proceeding, "no order of deportation should have been entered." *Robledo-Gonzales v. Ashcroft*, 342 F. 3d 667, 682 (7th Cir. 2003)(quoting *Malone*, 11 I. & N. Dec. at 731-32). Specifically, in its NTA, DHS charges that Petitioner was removable pursuant to §212(a)(6)(A)(i) of the Act on the ground that he was present in the United States without "been admitted or paroled." Pet. Exh. 1. First and foremost, no decision of removability shall be valid unless it is based upon clear and convincing evidence as charged in the NTA. *See Soto-Hernandez v. INS*, 726 F. 2d 1070, 1072 (5th Cir. 1984)(quoting *Woodby v. INS*, 385 U.S. 276, 286 (1966)(holding that "no deportation order may be entered unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true."))(emphasis supplied); *accord* 8 C.F.R. § 242.14 (a)(1994). The term "unequivocal," taken by itself, means "proof that admits of no doubt." *Addington v. Texas*, 441 U.S. 418, 432 (1979). Here, Petitioner argues that the IJ's finding of removability as charged in the NTA against him was "prohibited as a matter of law," §1252(f)(2), because DHS failed to meet its burden of "proof that admits of no doubt," *Addington*, 441 U.S. at 432, that he was not "admitted or paroled" to enter in the United States. Pet. Exh. 1. This is especially true here because Petitioner was admitted into the United States after inspection by an immigration officer as a student. Pet. Exh. 2 (his Form I-94); Pet. Exh. 3 (his visa). Because the record before this Court clearly reflects that DHS failed to prove by "clear, unequivocal, and convincing evidence" the facts it alleged as grounds for Petitioner's removability, thus, he is *not removable* under the IJ's 2006 order "as a matter of law." *Nken*, 556 U.S. at 425, 426; *Kenyeres*, 538 U.S. at 1303; *cf. Jaadan v.*

*Gonzales,* 211 Fed. Appx. 422, 425 (6th Cir. 2006)("An alien is not deportable 'unless it is found by clear, unequivocal and convincing evidence that the facts alleged as grounds for deportation are true.'")(citing 8 C.F.R. § 242.14(a)(1994)).

Second, under the Board's precedents, "enforcement of a removal order constitutes a gross miscarriage of justice only if the order clearly could not have withstood judicial scrutiny under the law in effect at the time of its ... execution." *Matter of William,* No. A073-561-811(BIA Dec. 23, 2008)(Baltimore). Where, as here, DHS is currently working to "execute" the IJ's 2006 order of removal against Petitioner which it "has become ~~unst~~ unsustainable in light of an intervening change in binding precedent." *Silva v. Lynch,* 2017 U.S. App. LEXIS 1961, at *2 (5th Cir. Feb. 3, 2017)(citing *Kane v. Holder,* 581 F.3d 231, 242 & n.42 (5th Cir. 2009)). Specifically, Petitioner argues that in light of the intervening change in binding the Board's precedent under the *Matter of Monjazar-Fernandez,* No. A200 611 977 (BIA No. 13, 2013)(Memphis)(BEFORE Board panel: Adkins-Blanch; Hoffman; Manuel), the IJ's order of his removal is now *invalid ab initio.* As the Board's own regulations provide that "decisions of the Board" must be "binding on *all* officers and employees of the DHS or immigration judges in the administration of the immigration laws of the United States." 8 C.F.R. § 1003.1(g)(2018); see also *id.* ("decisions of the Board rendered by a three-member panel or by the Board en banc" are "precedents in *all* proceedings involving the same issue or issues."); *Toora v. Holder,* 603 F.3d 282, 289 (5th Cir. 2010)(SOUTHWICK, J., concurring) ("It takes a majority vote of the Board to make a particular decision of a three-member panel or the en banc Board a precedent," citing 8 C.F.R. § 1003.1(g)). Petitioner asserts that the Board's decision in *Matter of Monjazar-Fernandez* involved "the same *factual* issue" as in this case

6

because that case, a respondent was charged in those removal proceedings "as an alien present in the United States who has not been admitted or paroled after inspection by an immigration officer." *Matter of Monjazar-Fernandez*, A 200 611 977, at \*2 (citing § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i)); *cf.* Pet. Exh. 1. In that case, the Board found those "proceedings were *not* fundamentally fair," *Matter of Monjazar-Fernandez, supra*, at \*3, vacated the IJ's order of removal and remanded to the IJ for further proceedings. *See id.* Under *Matter of Monjazar-Fernandez*, Petitioner argues that the IJ's 2006 order of his removal cannot be enforced or executed because it is invalid under the law in effect now. *Cf. Matter of Farinas*, 12 I. & N. Dec. 467, 471-72 (BIA 1967) (finding gross miscarriage of justice where alien's deportation order, which was valid when entered, became invalid by virtue of controlling circuit precedent issued prior to the execution of the order). Because the order of removal is legally invalid under the law in effect, Petitioner thus argues the "execution of such order is *prohibited* as a matter of law." (emphasis supplied).

Finally, it is well-settled that "[d]eportation on charges unsupported by any evidence is a denial of due process." *Enriquez-Gutierrez v. Holder*, 612 F. 3d 400, 411 (5th Cir. 2010)(quoting *U.S. ex rel. Vajtauer v. Commissioner of Immigration at Port of New York*, 273 U.S. 103, 106 (1927)). This rule applies with equal force in this case. Petitioner asserts that the IJ's 2006 order of his removal is transparently invalid because it is "premised on a patently *false* factual determination," *i.e.* he entered this country without admission, thereby deprived him due process rights. *See id.* Because the order is invalid, thus, its execution is *prohibited* as a matter of law under the Fifth Amendment's Due Process Clause.

## B. DHS's Denial Of An Opportunity For Petitioner To Present CAT Claim Before An Asylum Officer Was Improper Under The Rules And Regulations

Petitioner argues that his removal to Tanzania would violate his rights under the CAT and the Fifth Amendment's Due Process Clause. U.S. Const. Amend. V.

CAT has been implemented by the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), see 8 U.S.C. § 1231 note, and its accompanying regulations. FARRA makes it federal law that *no one shall be removed* "to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture." FARRA, § 2242(a). *Ogbudimkpa v. Ashcroft*, 342 F. 3d 207, 220 (3d Cir. 2003); see also *Omar v. McHugh*, 646 F. 3d 13, 17 (D.C. Cir. 2011) ("[FARRA] provides a right to judicial review of conditions in the receiving country only in the immigration context."); *Mironescu v. Costner*, 480 F. 3d 664, 674-76 (4th Cir. 2007) (FARR Act allows claims only for immigration detainees facing removal). Section 2242(b) of FARRA requires "the heads of the appropriate agencies" to "prescribe regulations to implement the obligations of the United States under CAT's Article 3." *Ogbudimkpa*, 342 F. 3d at 212. Regulations adopted by the Homeland Security Department provide that "if an alien can demonstrate that it is 'more likely than not' that he ... would be tortured if removed to a particular country, the [DHS] must grant him ... protection." *Id.* (citing 8 C.F.R. § 208.16(c)(2)). "Depending on the status of the alien, that protection may take the form either of permanent withholding of removal or of temporary deferral of removal." *Id.* (citing 8 C.F.R. § 208.16(c)(4)). These principles applies with equal force in this case.

Petitioner seeks relief in this case under APA and the Declaratory Judgment Act ("DJA"). He argues that

DHS wrongly denied him of his "right to submit and substantiate a claim of risk of persecution should he be deported to his country," *Haitian Refugee Ctr. v. Smith*, 676 F. 2d 1023, 1039 (5th Cir. 1982), and requests relief under the APA, 5 U.S.C. §§ 704, 706, and the DJA, 28 U.S.C. § 2201 (a). He asserts that APA review is authorized here because the FARRA imposes a "clear and nondiscretionary duty" to assure that those subject to the DHS Secretary's actions are not to be removed to their home country "if they are likely to face torture." *Cornejo-Barreto v. Siefert*, 379 F. 3d 1075, 1081 (9th Cir. 2004). Specifically, Petitioner asserts that he has long expressed a fear of being tortured or killed if he were sent back to his country. At first in January 2017, he sent a letter to the Honorable IJ requesting for an interview with an asylum officer for a reasonable fear determination. The IJ responded back to him by saying "USCIS has exclusive jurisdiction to make reasonable fear determinations," citing 8 C.F.R. § 1208.31(a). Petitioner Exhibit 1. He immediately wrote to USCIS - Houston Division and requested for the interview but USCIS never replied back to him.

On July 2, 2018, Petitioner sent a request to his DO and informed the DO that he fears returning to Tanzania. Pet. Exh. 2. The DO responded back to him on July 12, 2018, saying that his "asylum was addressed by the [IJ]." (*Id.* at 2, note 12). This was untrue because since Immigration and Customs Enforcement ("ICE") took Petitioner into custody on December 5, 2016, he has not went before the IJ. He only saw the IJ during his 2006 removal proceedings in which he sought "faith-based" asylum and it was denied by the IJ. The IJ ordered his removal under § 212 (a)(6)(A)(i) - Present without being

admitted or paroled. Pet. Exh. 3 (excerpt record of the Board's decision dated January 29, 2007, showing what section of law and charges which he was ordered removed)(emphasis supplied). But unlike his ground for seeking an asylum in 2006 hearing, Petitioner seeks for *deferral of removal* based on changed circumstances since that his original removal proceedings. See Pet. Exh. 2 at 1. Petitioner asserts that he followed ICE's own rules by sending an ICE "Special Correspondence" and informing his DO about his fear of returning to his country. And, instead of refer his claims to an Asylum Officer, the DO told him that the IJ already addressed his claim. But when? and how? Cf. Pet. Exh. 2 at 2, note 2 (stating that when an alien claiming "fear of returning" to his country, he "*will be interviewed by an Asylum Officer as soon as possible.*")(emphasis added). Here, by his failure to refer Petitioner's fear to the Asylum Officer, the DO acted contrary to ICE's policy and if this commitment by the ICE — see id. at 2, note 2 — to have substance at all, it must mean at least that Petitioner should be allowed "the opportunity" to seek a deferral of removal through interview by the Asylum Officer, even if the grant of that relief is not guaranteed. But if his claim succeeds then DHS "will no longer have any legal ground" to remove him to Tanzania. See Ogbudimkpa, 342 F. 3d at 212 (citing 8 C.F.R. § 208.16(c)(2)); see also Moncrieffe v. Holder, 133 S. Ct. 1678, 1682 n.1 (2013) (emphasizing "the Attorney General has no discretion to deny relief to noncitizen who establishes his eligibility."). Zhao v. Gonzales, 404 F. 3d 295, 310 (5th Cir. 2005)(citing INS v. Cardoza-Fonseca, 480 U.S. 421, 424 (1987))(holding that "restriction on removal is granted to qualified aliens as a matter of right.").

In fact, an Asylum Officer refused to conduct an interview for reasonable fear determination on Petitioner's claims. "The CAT and its implementing regulations are binding domestic law," which means that the Secretary of DHS "must make a torture determination" before removing an alien "who makes a CAT claim." See Garcia v. Thomas, 683 F. 3d 952, 956 (9th Cir. 2012)(en banc), cert. denied, 184 L. Ed. 2d 706 (U.S. Jan. 7, 2013). Here, the Secretary breached his duty to implement Article 3 by refusing to make a reasonable fear determination on Petitioner's claims. Cf. § 2242(b); § 208.16(c)(2). This is particularly true here because on July 15, 16, and 18 of 2018, Petitioner directly requested an interview for a reasonable fear determination to Asylum Officer, see Pet. Exhs. 4, 5 & 6, with entitled "Attn: Asylum Officer," and the Asylum Officer responded back by saying "[] Jurisdiction for an asylum claim lies with the court system. In order to re-address, an [Motion To Reopen] with court must be granted." Pet. Exh. 4 at 2, note 12. This is contrary to DHS's own policy in which it states that when an alien is claiming a fear of returning to his country, he "will be interviewed by an Asylum Officer as soon as possible." Id. at 2, note 2 (emphasis supplied). Petitioner argues that his DO and the Asylum Officer have legal obligation to comply with the CAT as implemented by FARRA and accompanying DHS's own policy and regulations. Here, it has not been done so.

As the Supreme Court has held, an administrative agency cannot contract its own jurisdiction either by regulations or decisions in litigated proceedings. Luna v. Holder, 637 F. 3d 85, 100 (2d Cir. 2011)(citing Union Pac. R. R. Co. v. Bhd. of Locomotive Eng'rs, 130 S. Ct. 584 (2004)). The general rule that "when jurisdiction is conferred, a court may not decline to exercise it also holds for administrative agencies directed by Congress to adjudicate particular controversies." Id. (quoting Union Pac. R. R. Co., 130 S. Ct. at 590). In Union Pacific, the Court

found that "Congress vested in the National Railroad Adjustment Board [NRAB] jurisdiction to adjudicate [certain] grievances of railroad employees," *id.* (quoting *id.*) and that "Congress gave the Board no authority to adopt rules of jurisdictional dimension" regarding the adjudication of such grievances, *id.* (citing *id.* at 597). The Court concluded that "by refusing to adjudicate cases on the false premise that it lacked power to hear them, the NRAB panel failed 'to conform, or confine itself,' to the jurisdiction Congress gave it." *Id.* (quoting *id.* at 599 (quoting 45 U.S.C. § 153 First (q))).

Applying *Luna* in this case, Petitioner asserts that the USCIS err when it denied him an "opportunity" to be heard — by an Asylum Officer — upon the questions involving his fear of returning to his country by stating that it lacks jurisdiction over his request for a reasonable fear determination on his claims. Pet. Exh. 4 at 2, note 12; *see also* Pet. Exhs. 5 & 6. In defining who qualifies for the "CAT and its implementing regulations," Congress required that DHS "must make a torture determination" before removing an alien "who makes a CAT claim." *Garcia*, 683 F. 3d at 956; *see also* FARRA, § 2242(b); *Ogbudimkpa*, 342 F. 3d at 212. By its refusal to provide an opportunity for him to present his claim of fear to the Asylum Officer, the DHS deprived Petitioner due process and equal protection rights. *See Garcia*, 683 F. 3d at 956 ("FARRA and its regulations generate interests cognizable as liberty interests under the Due Process Clause, which guarantees that a person will not be 'deprived of life, liberty, or property, without due process of law.'"); *see also Haitian Refugee Ctr.*, 676 F. 2d at 1039 (emphasizing that "the Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged.") (quoting *Logan v. Zimmerman Brush Co.*, 102 S. Ct. 1148, 1156 (1982)).

Indeed, Petitioner argues that *if* he is given an opportunity to present his case before the Asylum Officer, he will demonstrate a guine claim of "more likely than not" that he would be tortured if removed to his country. As the record before this Court reflects that on November 8, 2012, Petitioner was convicted for possession with intent to deliver cocaine. Pet. Exh. 7. Due to this drug conviction, he fears that upon returning to Tanzania, he will be detained, arrested, interrogated, prosecuted, and imprisoned. Cf. Pet. Exh. 8 (declaration of Mr. Ntunzwenimana who informed Petitioner about what will going to happen to him if he were sent back to his country)(emphasis supplied). To be sure, even the Board itself has relied on evidence that the respondent in *Matter of G-A-*, 23 I. & N. Dec. 366 (BIA 2002)(en banc), who was of a particular ethnicity, was identifiable, and that conditions in Iranian prisons are so severe as to amount to torture. *Id.* at 369-70. Thus, Petitioner asserts that conditions in Tanzanian prisons —in which he will be detained— are so severe as to constitute torture. *See id.* In fact he has been tortured in the past when he was a student in his country by police and prison officials. Therefore, Petitioner argues that the DHS *unreasonably* denied him an opportunity to present his case to an Asylum Officer so that the officer can determine the merits of his claim, and he is entitled to relief on this point.

## IV. CONCLUSION

Federal statutes provide both that habeas corpus case should get a priority in federal court and also that

the case should be disposed of "as law and justice require." See Habeas Corpus Checklists § 4:3(1)-(2) (2017-18 ed.); see also 28 U.S.C. § 2243. Thus in order "to accord all the relief necessary to correct particular injustices," Lugo-Resendez v. Lynch, 831 F. 3d 337, 345 & n. 48 (5th Cir. 2016), in this case, the Court should immediately enter a preliminary injunction enjoin DHS/ICE from removing Petitioner to Tanzania pending a definitive ruling on his claims.

For the foregoing reasons, Petitioner requests that this Court grant this habeas petition and enjoin the government from removing him to his country.

Respectfully Submitted,

Executed on: 08/17/18

Hamis Chande
A #: 099 613 182
Core Civic Processing Ctr.
15850 Export Plaza Dr.
Houston, Tx 77032-2545
Petitioner Pro Se



*Petitioner Exhibit 1*

**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE OF IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**5520 Greens Road**
**Houston, Texas 77032**

Hamis Athoman Chande, A099-613-182
c/o Corrections Corporation of America
15850 Export Plaza Drive
Houston, TX 77032

January 30, 2017

Mr. Chande:

This letter is in response to your January 20, 2017 request for an interview with an asylum officer for a reasonable fear determination. The United States Citizenship and Immigration Service has exclusive jurisdiction to make reasonable fear determinations. 8 C.F.R. § 1208.31(a). Accordingly, the Court is without jurisdiction to schedule a reasonable fear interview.

_____
Saul Greenstein
Immigration Judge

*Petitioner Exhibit 2*

# ICE
## Immigration Special Correspondence
## Correspondencia Especial de Inmigracion

Name/**Nombre:** CHANDE, Hamis A.

A-Number/**Numero de inmigracion:** 099 813 182

Country/**Pais:** TANZANIA

Date of Birth/**Fecha de nacimiento:** 05/21/75

Question/**Pregunta:**

I have a fear of returning to my homeland. If I be sent back to Tanzania, I reasonably fears of being tortured and/or killed by the Tanzanian officials based on (1) the breach of confidentiality of privacy by ICE officer, Mr. Michael Beebe, when he informed the Tanzanian Consulate that I was a 2006 failed asylum seeker, (2) my past torture by the Tanzanian officials when I was a student in Tanzania, and (3) my narcotics conviction by the state court in 2012.

Signature/**Firma**          Date/**Fecha** July 2, 2018          Dorm/**Dormitorio** B13-7B

## THIS FORM FOR ICE/IMMIGRATION QUESTIONS ONLY!
### *ESTA FORMA ES PARA PREGUNTAS DE ICE/INMIGRACION SOLAMENTE!*

I have read your request. Please note the response below:
**He leído su pedido. Por Favor lea la respuesta abajo:**

1.     You are an <u>Expedited Removal</u> from the United States and will be deported as soon as possible. You are not eligible for a bond or special permit. You will not see an Immigration Judge. You should be deported within 3-4 weeks.
    Usted es elegible para ser <u>expulsado rápidamente</u> de los Estado Unidos y va ser deportado lo más pronto posible. Usted no califica para fianza o permiso especial. Usted no va a ver a un Juez de Inmigración. Usted va ser deportado dentro de tres a cuatro semanas.

2.     You are an <u>Expedited Removal/Claiming Fear</u> of returning to your country. You will be interviewed by an Asylum Officer as soon as possible. You are not eligible for a bond or special permit. Typically you will be detained longer than a regular Expedited Removal. Only Houston Asylum can cancel your fear claim. If an Asylum Officer determines that your fear is credible, you will see an Immigration Judge. Only an Immigration Judge can issue or lower a bond.
    Usted es elegible para ser expulsado inmediatamente/exponiendo miedo por regresar a su país. Usted va a ser entrevistado por un oficial de asilo lo mas pronto posible. Usted no califica para fianza o permiso especial. Regularmente, usted va a ser <u>detenido mas tiempo</u> que los otros detenidos. Únicamente la oficina de asilo en Houston puede cancelar su petición. Si un oficial de asilo determina que el miedo de regresar a su país es creíble, podrá ver a un juez de inmigración. Solamente un Juez de Inmigración puede dar o reducir una fianza.

3.     You have been issued a <u>Notice to Appear</u> in front of an Immigration Judge. Your file has/has been sent to the Trial Litigation Unit in Houston for review and to be calendared for court. Your hearing should be held within 2-3 weeks from when you entered the Houston CCA Detention Facility. You can call the Immigration Court information telephone number for your hearing date. The number is 1-800-898-7180 (toll-free) and you must use the last 8 digits of your "A" number. Only an Immigration Judge can issue or lower a bond.
    A usted le han dado una cita para presentarse frente a un Juez de Inmigración (Notice to Appear). Su expediente va ser/ha sido enviado a la Corte de Litigaciones en Houston para su revisión y ponerle una fecha de corte. Sus audiencias podrán tardar de 2 a 3 semanas, después de que haya llegado al Centro Correccional de las Ameritas de Houston CCA. Para información de los avances en su caso, usted puede llamar gratuitamente a la Corte de Inmigración al numero 1-800-898-7180, ingrese los 8 números de su identificación (A-number). Solamente un Juez de Inmigración puede dar o reducir una fianza.

4.     You have been ordered removed from the United States. You will be deported as soon as possible. Your case will be reviewed if you are not removed within 90 days. You are not allowed to pay for your removal. The U.S. Government will remove you from the United States. You are not eligible for a bond or special permit.
    A usted le han ordenado salir de los Estado Unidos. Usted va a ser deportado lo mas pronto posible. Si caso va a ser revisado, si usted no ha sido expulsado durante 90 días. Usted no pagara por su salida del país. El gobierno de Estado Unidos se encargara de su salida del país. Usted no califica para fianza o permiso especial.

5.     You have asked that your bond be reduced. Only an Immigration Judge can reduce your bond.
    Usted ha preguntado si su fianza puede ser reducida. Solamente un Juez de Inmigración puede reducir una fianza.

6.     You have filed an appeal with the Board of Immigration Appeals (BIA). The normal processing time is 9-12 months from receipt of your appeal. If you wish to cancel your appeal it must be written in English and mailed to the BIA.
    Usted ha aplicado para apelar su caso ante la Junta de Apelación de Inmigración (BIA). El tiempo aproximado para procesar su petición es de 9 a 12 meses a partir de que se recibe su apelación. Si usted desea cancelar su apelación, debe enviar por correo regular un escrito en ingles a la Junta del BIA.

7.     You have asked to be removed as soon as possible because you have sick family members in your country. I need proof of such illness either by the International Red Cross or your Consulate in order to process your request.
    Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tiene un familiar muy enfermo en su país de origen. Necesitamos pruebas de la enfermedad y gravedad de su paciente, ya sea por medio de la Cruz Roja Internacional o su Consulado para poder procesar su petición.

8.     You have asked to be removed as soon as possible because you have family members in your country that depend on you financially. You will be removed as soon as possible.
    Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tienen un familiar que se encuentra en su país de origen depende económicamente de usted. Usted será expulsado del país lo más pronto posible.

9.     You have asked for help with missing property. I need a receipt to assist you in this matter.
    Usted ha preguntado si se le puede ayudar a recuperar sus pertenencias perdidas. Para poder ayudarlo en este caso necesitamos los recibos de las pertenencias.

10.     Your Immigration Special Correspondence is not legible. You need to resubmit a new request.
    Su Correspondencia Especial de Inmigración no es legible. Necesita enviar nuevamente su petición.

11.     You did not ask a question. You need to write your question on a new request.
    Usted no ha hecho preguntas. Necesita escribir su pregunta en un nuevo formato de petición.

12.     Other/Otra:
    YOUR ASYLUM CLAIM WAS ADDRESSED BY THE IMMIGRATION JUDGE.

_____     07-12-18     07-12-18.
Official's Signature/Firma del Oficial     Date/Fecha     Date Received

2

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A99 613 182 - Houston

Date: JAN 2 9 2007

In re: HAMIS ATHOMAN CHANDE

IN REMOVAL PROCEEDINGS

APPEAL AND MOTION

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF DHS:     Erica J. McGuirk
                      Assistant Chief Counsel

CHARGE:

Notice:  Sec.   212(a)(6)(A)(i), I&N Act [8 U.S.C. § 1182(a)(6)(A)(i)] -
             Present without being admitted or paroled

APPLICATION: Reopening

The respondent has filed an appeal from an Immigration Judge's decision dated October 11, 2006, denying his motion to reopen as untimely filed. The respondent also filed a motion to reopen with the Board on the basis of ineffective assistance of his prior counsels. The Department of Homeland Security (DHS) opposes the appeal and motion. The appeal will be dismissed, and the motion to reopen will be denied.

A Notice to Appear charged that the respondent, a native and citizen of Tanzania, arrived in the United States on December 30, 1999, and was excludable as charged. The respondent was served with a copy of the Notice to Appear on February 7, 2006. The respondent was represented by Michael W. Eheman, Esquire. An order of removal was entered against the respondent on May 25, 2006. The respondent, through his second former counsel, Amen. Omo. Obadagbonyi, Esquire, filed a Notice of Appeal from the Immigration Judge's decision that was dismissed as untimely filed by the Board on July 19, 2006. The respondent, through Mr. Obadagbonyi, filed a motion to reopen with the Immigration Judge. The Immigration Judge pointed out that the May 25, 2006, order of removal was the final administrative order since the Board had dismissed the respondent's appeal as untimely filed. On October 11, 2006, the Immigration Judge denied the respondent's motion to reopen as untimely filed. The respondent, pro se, filed a timely Notice of Appeal, alleging ineffective assistance of his prior counsels. A motion to reopen in any case previously the subject of a final decision must be filed no later than 90 days after the date of that decision. See 8 C.F.R. §§ 1003.2(c)(2); 1003.23(b)(1). The Immigration Judge properly ruled that the respondent's motion was untimely filed since the final order of removal was entered on May 25, 2006, and the motion to reopen was only filed on September 18, 2006. We affirm the Immigration Judge's decision and deny the respondent's motion to reopen as untimely.

4

Department of Homeland Security

Immigration and Customs Enforcement
Detention and Removal

Attn: Asylum Officer

# ICE

## Immigration Special Correspondence
## Correspondencia Especial de Inmigración

#1

Name/**Nombre:** CHANDE, Hamis A.

A-Number/**Numero de inmigración:** 099 613 182

Country/**País:** TANZANIA

Date of Birth/**Fecha de nacimiento:** May 21, 1975

Question/**Pregunta:**

I fears of returning to my homeland and I would like to request for a "reasonable fear determination" pursuant to 8 C.F.R. § 1208.31; cf. 8 C.F.R. § 1238.1(f)(3). I have been sent several request to your office since last year after the Immigration Judge advised me, see attachment, but no response back from your officer. Would you please arrange an interview on my claim?

Signature/**Firma**

Date/**Fecha** July 15, 2018

Dorm/**Dormitorio** B9-16B

## THIS FORM FOR ICE/IMMIGRATION QUESTIONS ONLY!
## *ESTA FORMA ES PARA PREGUNTAS DE ICE/INMIGRATION SOLAMENTE!*

1

I have read your request. Please note the response below:

**He leído su pedido. Por Favor lea la respuesta abajo:**

1. You are an <u>Expedited Removal</u> from the United States and will be deported as soon as possible. You are not eligible for a bond or special permit. You will not see an Immigration Judge. You should be deported within 3-4 weeks.
   Usted es elegible para ser <u>expulsado rápidamente</u> de los Estado Unidos y va ser deportado lo más pronto posible. Usted no califica para fianza o permiso especial. Usted no va a ver a un Juez de Inmigración. Usted va ser deportado dentro de tres a cuatro semanas.

2. You are an <u>Expedited Removal/Claiming Fear</u> of returning to your country. You will be interviewed by an Asylum Officer as soon as possible. You are not eligible for a bond or special permit. Typically you will be detained longer than a regular Expedited Removal. Only Houston Asylum can cancel your fear claim. If an Asylum Officer determines that your fear is credible, you will see an Immigration Judge. Only an Immigration Judge can issue or lower a bond.
   Usted es elegible para ser expulsado inmediatamente/exponiendo miedo por regresar a su país. Usted va a ser entrevistado por un oficial de asilo lo mas pronto posible. Usted no califica para fianza o permiso especial. Regularmente, usted va a ser <u>detenido mas tiempo</u> que los otros detenidos. Únicamente la oficina de asilo en Houston puede cancelar su petición. Si un oficial de asilo determina que el miedo de regresar a su país es creíble, podrá ver a un juez de inmigración. Solamente un Juez de Inmigración puede dar o reducir una fianza.

3. You have been issued a <u>Notice to Appear</u> in front of an Immigration Judge. Your file will be/has been sent to the Trial Litigation Unit in Houston for review and to be calendared for court. Your hearing should be held within 2-3 weeks from when you entered the Houston CCA Detention Facility. You can call the Immigration Court information telephone number for your hearing date. The number is 1-800-898-7180 (toll-free) and you must use the last 8 digits of your "A" number. Only an Immigration Judge can issue or lower a bond.
   A usted le han dado una cita para presentarse frente a un Juez de Inmigración (Notice to Appear). Su expediente va ser/ha sido enviado a la Corte de Litigacioes en Houston para su revisión y poderle dar una fecha de corte. Sus audiencias podrán tardar de 2 a 3 semanas, después de que haya llegado al Centro Correccional de las Ameritas de Houston CCA. Para información de los avances en su caso, usted puede llamar gratuitamente a la Corte de Inmigración al numero 1-800-898-7180, ingrese los 8 números de su identificación (A-number). Solamente un Juez de Inmigración puede dar o reducir una fianza.

4. You have been ordered removed from the United States. You will be deported as soon as possible. Your case will be reviewed if you are not removed within 90 days. You are not allowed to pay for your removal. The U.S. Government will remove you from the United States. You are not eligible for a bond or special permit.
   A usted le han ordenado salir de los Estado Unidos. Usted va a se deportado lo mas pronto posible. Su caso va a ser revisado, si usted no ha sido expulsado durante 90 días. Usted no pagara por su salida del país. El gobierno de Estado Unidos se encargara de su salida del país. Usted no califica para fianza o permiso especial.

5. You have asked that your bond be reduced. Only an Immigration Judge can reduce your bond.
   Usted ha preguntado si su fianza puede ser reducida. Solamente un Juez de Inmigración puede reducir una fianza.

6. You have filed an appeal with the Board of Immigration Appeals (BIA). The normal processing time is 9-12 months from receipt of your appeal. If you wish to cancel your appeal it must be mailed in English and mailed to the BIA.
   Usted ha aplicado para apelar su caso ante la Junta de Apelación de Inmigración (BIA). El tiempo aproximado para procesar su petición es de 9 a 12 meses a partir de que se recibe su apelación. Si usted desea cancelar su apelación, debe enviar por correo regular un escrito en ingles a la Junta del BIA.

7. You have asked to be removed as soon as possible because you have sick family members in your country. I need proof of such illness either by the International Red Cross or your Consulate in order to process your request.
   Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tiene un familiar muy enfermo en su país de origen. Necesitamos pruebas de la enfermedad y gravedad de su paciente, ya sea por medio de la Cruz Roja Internacional o su Consulado para poder procesar su petición.

8. You have asked to be removed as soon as possible because you have family members in your country that depend on you financially. You will be removed as soon as possible.
   Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tienen un familiar que se encuentra en su país de origen depende económicamente de usted. Usted será expulsado del país lo más pronto posible.

9. You have asked for help with missing property. I need a receipt to assist you in this matter.
   Usted ha preguntado si se le puede ayudar a recuperar sus pertenencias perdidas. Para poder ayudarlo en este caso necesitamos los recibos de las pertenencias.

10. Your Immigration Special Correspondence is not legible. You need to resubmit a new request.
    Su Correspondencia Especial de Inmigración no es legible. Necesita enviar nuevamente su petición.

11. You did not ask a question. You need to write your question on a new request.
    Usted no ha hecho preguntas. Necesita escribir su pregunta en un nuevo formato de petición.

12. Other/Otra: Jurisdiction for an asylum claim lies with the court system. In order to re-address, an MTR with court must be granted.

Official's Signature/**Firma del Oficial**          Date/**Fecha** 7-23-18          Date Received 7-23-18

2

Department of Homeland Security

Immigration and Customs Enforcement
Detention and Removal

*Attn: Asylum Officer*

# ICE
## Immigration Special Correspondence
## Correspondencia Especial de Inmigración

Name/**Nombre:** CHANDE, Hamis A.

A-Number/**Numero de inmigración:** 099 613 182

Country/**País:** TANZANIA

Date of Birth/**Fecha de nacimiento:** May 21, 1975

Question/**Pregunta:**

I fears of returning to my homeland and I would like to request for a "reasonable fear determination" pursuant to 8 C.F.R. § 1208.31; cf. 8 C.F.R. § 1238.1 (f)(3). I have been sent several request to your office since last year after the Immigration Judge advised me, see attachment, but no response back from your officer. Would you please arrange an interview on my claim?

Signature/**Firma**

July 16, 2018
Date/**Fecha**

B9-16B
Dorm/**Dormitorio**

## THIS FORM FOR ICE/IMMIGRATION QUESTIONS ONLY!
### *ESTA FORMA ES PARA PREGUNTAS DE ICE/INMIGRATION SOLAMENTE!*

1

I have read your request.  Please note the response below:
**He leído su pedido.  Por Favor lea la respuesta abajo:**

1.  You are an <u>Expedited Removal</u> from the United States and will be deported as soon as possible.  You are not eligible for a bond or special permit.  You will not see an Immigration Judge.  You should be deported within 3-4 weeks.
    Usted es elegible para ser <u>expulsado rápidamente</u> de los Estado Unidos y va ser deportado lo más pronto posible.  Usted no califica para fianza o permiso especial.  Usted no va a ver a un Juez de Inmigración.  Usted va ser deportado dentro de tres a cuatro semanas.

2.  You are an <u>Expedited Removal/Claiming Fear</u> of returning to your country.  You will be interviewed by an Asylum Officer as soon as possible.  You are not eligible for a bond or special permit.  Typically you will be detained longer than a regular Expedited Removal.  Only Houston Asylum can cancel your fear claim.  If an Asylum Officer determines that your fear is credible, you will see an Immigration Judge.  Only an Immigration Judge can issue or lower a bond.
    Usted es elegible para ser expulsado inmediatamente/exponiendo miedo por regresar a su país.  Usted va a ser entrevistado por un oficial de asilo lo mas pronto posible.  Usted no califica para fianza o permiso especial.  Regularmente, usted va a ser <u>detenido mas tiempo</u> que los otros detenidos.  Únicamente la oficina de asilo en Houston puede cancelar su petición.  Si un oficial de asilo determina que el miedo de regresar a su país es creible, podrá ver a un juez de inmigración.  Solamente un Juez de Inmigración puede dar o reducir una fianza.

3.  You have been issued a <u>Notice to Appear</u> in front of an Immigration Judge.  Your file will be/has been sent to the Trial Litigation Unit in Houston for review and to be calendared for court.  Your hearing should be held within 2-3 weeks from when you entered the Houston CCA Detention Facility.  You can call the Immigration Court information telephone number for your hearing date.  The number is 1-800-898-7180 (toll-free) and you must use the last 8 digits of your "A" number.  Only an Immigration Judge can issue or lower a bond.
    A usted le han dado una cita para presentarse frente a un Juez de Inmigración (Notice to Appear).  Su expediente va ser/ha sido enviado a la Corte de Litigaciones en Houston para su revisión y poderle dar una fecha de corte.  Sus audiencias podrán tardar de 2 a 3 semanas, después de que haya llegado al Centro Correccional de las Ameritas de Houston CCA.  Para información de los avances en su caso, usted puede llamar gratuitamente a la Corte de Inmigración al numero 1-800-898-7180, ingrese los 8 números de su identificación (A-number).  Solamente un Juez de Inmigración puede dar o reducir una fianza.

4.  You have been ordered removed from the United States.  You will be deported as soon as possible.  Your case will be reviewed if you are not removed within 90 days.  You are not allowed to pay for your removal.  The U.S. Government will remove you from the United States.  You are not eligible for a bond or special permit.
    A usted le han ordenado salir de los Estado Unidos.  Usted va a ser deportado lo mas pronto posible.  Su caso va a ser revisado, si usted no ha sido expulsado durante 90 días.  Usted no pagara por su salida del país.  El gobierno de Estado Unidos se encargara de su salida del país.  Usted no califica para fianza o permiso especial.

5.  You have asked that your bond be reduced.  Only an Immigration Judge can reduce your bond.
    Usted ha preguntado si su fianza puede ser reducida.  Solamente un Juez de Inmigración puede reducir una fianza.

6.  You have filed an appeal with the Board of Immigration Appeals (BIA).  The normal processing time is 9-12 months from receipt of your appeal.  If you wish to cancel your appeal it must be written in English and mailed to the BIA.
    Usted ha aplicado para apelar su caso ante la Junta de Apelación de Inmigración (BIA).  El tiempo aproximado para procesar su petición es de 9 a 12 meses a partir de que se recibe su apelación.  Si usted desea cancelar su apelación, debe enviar por correo regular un escrito en ingles a la Junta del BIA.

7.  You have asked to be removed as soon as possible because you have sick family members in your country.  I need proof of such illness either by the International Red Cross or your Consulate in order to process your request.
    Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tiene un familiar muy enfermo en su país de origen.  Necesitamos pruebas de la enfermedad y gravedad de su paciente, ya sea por medio de la Cruz Roja Internacional o su Consulado para poder procesar su petición.

8.  You have asked to be removed as soon as possible because you have family members in your country that depend on you financially.  You will be removed as soon as possible.
    Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tienen un familiar que se encuentra en su país de origen depende económicamente de usted.  Usted será expulsado del país lo más pronto posible.

9.  You have asked for help with missing property.  I need a receipt to assist you in this matter.
    Usted ha preguntado si se le puede ayudar a recuperar sus pertenencias perdidas.  Para poder ayudarlo en este caso necesitamos los recibos de las pertenencias.

10.  Your Immigration Special Correspondence is not legible.  You need to resubmit a new request.
    Su Correspondencia Especial de Inmigración no es legible.  Necesita enviar nuevamente su petición.

11.  You did not ask a question.  You need to write your question on a new request.
    Usted no ha hecho preguntas.  Necesita escribir su pregunta en un nuevo formato de petición.

12.  Other/Otra:  SEE #1  CORRESPONDENCE

---

Official's Signature/**Firma del Oficial**          Date/**Fecha**          Date Received

Petitioner Exhibit 6
**Department of Homeland Security**

Attn: Asylum Officer

Immigration and Customs Enforcement
Detention and Removal

# ICE
## Immigration Special Correspondence
## Correspondencia Especial de Inmigración

*Buddhe*
*62293*

Name/**Nombre:** CHANDE, Hamis A.

A-Number/**Numero de inmigración:** 099 613 182

Country/**País:** TANZANIA

Date of Birth/**Fecha de nacimiento:** May 21, 1975

Question/**Pregunta:**

I requests deferred of removal under §1208.16 and would like to request an interview by an asylum officer for determination on my reasonable fear claim in accordance with §1208.31. Cf. 8 C.F.R. § 1238.1(f)(3).

Signature/**Firma**

July 18, 2018
Date/**Fecha**

B9-16B
Dorm/**Dormitorio**

## THIS FORM FOR ICE/IMMIGRATION QUESTIONS ONLY!
## *ESTA FORMA ES PARA PREGUNTAS DE ICE/INMIGRATION SOLAMENTE!*

1

I have read your request.  Please note the response below:
**He leído su pedido.  Por Favor lea la respuesta abajo:**

1.    You are an <u>Expedited Removal</u> from the United States and will be deported as soon as possible.  You are not eligible for a bond or special permit.  You will not see an Immigration Judge.  You should be deported within 3-4 weeks.
    Usted es elegible para ser <u>expulsado rápidamente</u> de los Estado Unidos y va ser deportado lo más pronto posible.  Usted no califica para fianza o permiso especial.  Usted no va a ver a un Juez de Inmigración.  Usted va ser deportado dentro de tres a cuatro semanas.

2.    You are an <u>Expedited Removal/Claiming Fear</u> of returning to your country.  You will be interviewed by an Asylum Officer as soon as possible.  You are not eligible for a bond or special permit.  Typically you will be detained longer than a regular Expedited Removal.  Only Houston Asylum can cancel your fear claim.  If an Asylum Officer determines that your fear is credible, you will see an Immigration Judge.  Only an Immigration Judge can issue or lower a bond.
    Usted es elegible para ser expulsado inmediatamente/exponiendo miedo por regresar a su país.  Usted va a ser entrevistado por un oficial de asilo lo mas pronto posible.  Usted no califica para fianza o permiso especial.  Regularmente, usted va a ser <u>detenido mas tiempo</u> que los otros detenidos.  Únicamente la oficina de asilo en Houston puede cancelar su petición.  Si un oficial de asilo determina que el miedo de regresar a su país es creíble, podrá ver a un juez de inmigración.  Solamente un Juez de Inmigración puede dar o reducir una fianza.

3.    You have been issued a <u>Notice to Appear</u> in front of an Immigration Judge.  Your file will be/has been sent to the Trial Litigation Unit in Houston for review and to be calendared for court.  Your hearing should be held within 2-3 weeks from when you entered the Houston CCA Detention Facility.  You can call the Immigration Court information telephone number for your hearing date.  The number is 1-800-898-7180 (toll-free) and you must use the last 8 digits of your "A" number.  Only an Immigration Judge can issue or lower a bond.
    A usted le han dado una cita para presentarse frente a un Juez de Inmigración (Notice to Appear).  Su expediente va ser/ha sido enviado a la Corte de Litigaciones en Houston para su revisión y poderle dar una fecha de corte.  Sus audiencias podrán tardar de 2 a 3 semanas, después de que haya llegado al Centro Correccional de las Ameritas de Houston CCA.  Para información de los avances en su caso, usted puede llamar gratuitamente a la Corte de Inmigración al numero 1-800-898-7180, ingrese los 8 números de su identificación (A-number).  Solamente un Juez de Inmigración puede dar o reducir una fianza.

4.    You have been ordered removed from the United States.  You will be deported as soon as possible.  Your case will be reviewed if you are not removed within 90 days.  You are not allowed to pay for your removal.  The U.S. Government will remove you from the United States.  You are not eligible for a bond or special permit.
    A usted le han ordenado salir de los Estado Unidos.  Usted va a se deportado lo mas pronto posible.  Su caso va a ser revisado, si usted no ha sido expulsado durante 90 días.  Usted no pagara por su salida del país.  El gobierno de Estado Unidos se encargara de su salida del país.  Usted no califica para fianza o permiso especial.

5.    You have asked that your bond be reduced.  Only an Immigration Judge can reduce your bond.
    Usted ha preguntado si su fianza puede ser reducida.  Solamente un Juez de Inmigración puede reducir una fianza.

6.    You have filed an appeal with the Board of Immigration Appeals (BIA).  The normal processing time is 9-12 months from receipt of your appeal.  If you wish to cancel your appeal it must be written in English and mailed to the BIA.
    Usted ha aplicado para apelar su caso ante la Junta de Apelación de Inmigración (BIA).  El tiempo aproximado para procesar su petición es de 9 a 12 meses a partir de que se recibe su apelación.  Si usted desea cancelar su apelación, debe enviar por correo regular un escrito en ingles a la Junta del BIA.

7.    You have asked to be removed as soon as possible because you have sick family members in your country.  I need proof of such illness either by the International Red Cross or your Consulate in order to process your request.
    Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tiene un familiar muy enfermo en su país de origen.  Necesitamos pruebas de la enfermedad y gravedad de su paciente, ya sea por medio de la Cruz Roja Internacional o su Consulado para poder procesar su petición.

8.    You have asked to be removed as soon as possible because you have family members in your country that depend on you financially.  You will be removed as soon as possible.
    Usted ha preguntado si puede ser expulsado del país lo más pronto posible, por que tienen un familiar que se encuentra en su país de origen depende económicamente de usted.  Usted será expulsado del país lo más pronto posible.

9.    You have asked for help with missing property.  I need a receipt to assist you in this matter.
    Usted ha preguntado si se le puede ayudar a recuperar sus pertenencias perdidas.  Para poder ayudarlo en este caso necesitamos los recibos de las pertenencias.

10.    Your Immigration Special Correspondence is not legible.  You need to resubmit a new request.
    Su Correspondencia Especial de Inmigración no es legible.  Necesita enviar nuevamente su petición.

11.    You did not ask a question.  You need to write your question on a new request.
    Usted no ha hecho preguntas.  Necesita escribir su pregunta en un nuevo formato de petición.

12.    Other/Otra:

            SEE #1 CORRESPONDENCE

---

Official's Signature/**Firma del Oficial**        Date/Fecha        Date Received

U.S. Department of Homeland Security

Continuation Page for Form _I-213_____

| Alien's Name<br>CHANDE, HAMIS ATHOMAN | File Number<br>099 613 182<br>Event No: HNT1305000020 | Date<br>05/03/2013 |
|---|---|---|

UNKNOWN AT THIS TIME

Current Administrative Charges
------------------------------
12/02/2016 - 237a1Ci - FAILURE TO MAINTAIN STATUS:  CRIME OF VIOLENCE UNDER 8 C.F.R.
214.1(g)


Previous Criminal History
-----------------------------------------
On 11/10/2011, the subject was arrested for the crime of "Cocaine - Possession" which
resulted in a conviction on 11/08/2012. The subject was sentenced to 15 year(s).

On 01/29/2006, the subject was arrested for the crime of "Driving Under Influence Liquor"
which resulted in a conviction on 01/31/2006. The subject was sentenced to 0 year(s), 0
month(s), 15 day(s).


Records Checked
----------------
CIS Pos
NCIC Pos


At/Near
-----------------------------------------------------------------------
HUNTSVILLE,TEXAS


Record of Deportable/Excludable Alien:
On 12/02/2016, the subject's record was screened pursuant to the Texas State Institutional
Removal Program in Huntsville, Texas while he was incarcerated with TDCJ for the offense (s)
listed below. The record reveals that the subject is a native and citizen of the above named
country, who entered the United States as set forth above.  The subject was identified by
TDCJ#1828317 SID # TX07663625 A# 099 613 182

IMMIGRATION HISTORY:
The record reflects the following:
The subject was admitted into the United States on or about 12/29/1999, at or near Memphis,
Tennessee as an F1-student. The record states that the subject failed to pay tuition or
attend class.

03/06/2006-The subject was issued a Notice to Appear before the Immigration Judge.

05/25/2006- The Immigration Judge ordered the subject removed from the United States to
Tanzania.

06/27/2006-The subject filed an appeal.

06/28/2006-A Form I-130, Petition was filed on the subject's behalf by his wife. The
petition was denied due to abandonment.

07/19/2006-The Board of Immigration Appeals dismissed the subject's appeal stating that the

| Signature | Title |
|---|---|
| JANINE BIKAR | Deportation Officer |

Form I-831 Continuation Page (Rev. 08/01/07)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

| | | |
|---|---|---|
| In The Matter of: | ) | |
| | ) | |
| HAMIS CHANDE | ) | File No. A099 613 182 |
| | ) | |
| | ) | |
| IN REMOVAL PROCESSINGS | ) | |

## SWORN DECLARATION OF JOSEPH NTUNZWENIMANA

I, Joseph Ntunzwenimana, in according to 28 U.S.C. § 1746, make the following sworn declaration under penalty of perjury:

My name is Joseph Ntunzwenimana. I am a friend of Hamis A. Chande who is currently detained by Immigration and Customs Enforcement ("ICE") in Houston, Texas. I make the following statement about the threat Hamis A. Chande ("Chande") faces if returned to Tanzania based on my personal knowledge obtained from the Tanzanian Consulate.

1. May 22, 2017, I spoke with the Tanzanian Consulate over the phone for at least 3 hours in pertained Chande's immigration situations.

2. I told the Consulate, Mr. Asenga, that Chande still fighting his both criminal and immigration cases and he has a good chance on success to the merits of his claims.

3. Mr. Asenga told me that Chande was a liar and a murderer.

4. Mr. Asenga told me that Chande came to America and wanted to be a Boss or King-pin by manufacturing and selling drugs. That Chande wanted to be rich quick.

5. Mr. Asenga told me that because Chande was selling drugs here in America, upon returned to Tanzania, Chande will do same.

6. Mr. Asenga told me that Chande will kill people if he sells drugs in Tanzania and so Mr. Asenga will inform the officials in Tanzania to make sure that Chande does go straight to prison when he returned there, for the safety of the community.

**7.** I believes that Chande is in danger of his life or freedom if forced to return back to Tanzania.

     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 6-26-2017

                                           Joseph Ntunzwenimana
                                           1120 Grove Street
                                         Houston, Texas 77020

LEGAL

Tamis Chante
#: 044 613 182
c/o Civic Processing Ctr.
5850 Export Plaza Dr.
Houston, Tx 77032-2545

United States Courts
Southern District of Texas
FILED

AUG 21 2018

David J. Bradley, Clerk of Court

Clerk, U.S. District Court
Southern District of Texas
P.O - Box 61010
Houston, Tx 77208



US POSTAGE
$ 01.84
First-Class

Mailed From 77032
08/17/2018
032A 0061814841